UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: PROSPECT MORTGAGE, LLC, FAIR LABOR
STANDARDS ACT (FLSA) AND WAGE AND HOUR
LITIGATION                                                                                      MDL No. 2486

ORDER DENYING TRANSFER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendant Prospect Mortgage, LLC (Prospect), moves to centralize this litigation in the Northern District of Illinois. This litigation currently consists of thirty-seven actions pending in thirty-seven districts, as listed on Schedule A.[1] Each of the more than 240 plaintiffs in these actions alleges that he or she was employed by Prospect as a mortgage loan officer and was improperly classified as an exempt employee under the Federal Labor Standards Act (FLSA) and analogous state wage and hour laws. Plaintiffs all seek unpaid minimum wages and overtime compensation.

All of the plaintiffs in the actions on the motion oppose centralization. Alternatively, they support centralization in the Eastern District of California before the Honorable Lawrence K. Karlton, who is presiding over the wage and hour lawsuit that preceded the present actions. *See Sliger v. Prospect Mortg., LLC*, C.A. No. 2:11-00465 (E.D. Cal.).

On the basis of the papers filed and hearing session held, we conclude that Section 1407 centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. These actions undisputably share some factual questions arising out of allegations that Prospect misclassified the plaintiffs as exempt from the minimum wage and overtime compensation requirements of the FLSA and analogous state wage and hour laws. Individualized factual disputes, however, will predominate in this litigation, which is likely to focus on the applicability of certain exemptions to individual plaintiffs, such as the "outside sales" exemption. *See* 29 C.F.R. § 541.500(a). Discovery and motion practice as to these issues will be overwhelmingly plaintiff-specific. Indeed, the parties acknowledge that the substantial differences among individual actions were a reason that the parties stipulated to decertification of the *Sliger* collective action.

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] Prospect notified the Panel of two related actions—each a petition to compel arbitration—pending in the Central and Northern Districts of California. Both actions have since been closed.

-2-

Thus, any efficiency benefits from centralization will be minimal. These are not class actions, so there is no risk of conflicting class certification rulings. The proceedings themselves will not be particularly complex—notably, the Eastern District of Virginia action has already progressed to trial, and Prospect's counsel stated during oral argument that these actions will require only two or three day trials per plaintiff.

Even if these actions require further common discovery of Prospect, centralization is not necessary. There may be thirty-seven actions on this motion, but there are only two counsel—one plaintiffs' counsel and one defense counsel. We have no doubt that, where so few counsel are involved in a litigation, discovery can be coordinated by the parties efficiently without centralization. *See In re Dollar Tree Stores, Inc., Fair Labor Stds. Act (FLSA) & Wage & Hour Litig.*, 829 F. Supp. 2d 1376, 1377 (J.P.M.L. 2011) ("The cases here are not particularly complex. And, informal cooperation to avoid duplicative proceedings is appropriate where most plaintiffs share counsel.").

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Paul J. Barbadoro  Charles R. Breyer
Lewis A. Kaplan  Sarah S. Vance
Ellen Segal Huvelle

**IN RE: PROSPECT MORTGAGE, LLC, FAIR LABOR STANDARDS ACT (FLSA) AND WAGE AND HOUR LITIGATION**   MDL No. 2486

## SCHEDULE A

<u>District of Arizona</u>

James Barker, et al. v. Prospect Mortgage, LLC, C.A. No. 2:13-00822

<u>Central District of California</u>

Osric Brown, et al. v. Prospect Mortgage, LLC, C.A. No. 2:13-02850

<u>Eastern District of California</u>

Bonny Franklin, et al. v. Prospect Mortgage, LLC, C.A. No. 2:13-00790

<u>Northern District of California</u>

Javan Devore, et al. v. Prospect Mortgage, LLC, C.A. No. 3:13-01841

<u>District of Colorado</u>

Otto Miiller v. Prospect Mortgage, LLC, C.A. No. 1:13-01079

<u>District of Connecticut</u>

Shelley Adams, et al. v. Prospect Mortgage, LLC, C.A. No. 3:13-00581

<u>District of Delaware</u>

David Henson v. Prospect Mortgage, LLC, C.A. No. 1:13-00719

<u>Middle District of Florida</u>

Michael Graham, et al. v. Prospect Mortgage, LLC, C.A. No. 8:13-01050

<u>Southern District of Florida</u>

Byron Andrews, et al. v. Prospect Mortgage, LLC, C.A. No. 1:13-21453

-A2-

<u>Northern District of Georgia</u>

David Alexander, et al. v. Prospect Mortgage, LLC, C.A. No. 1:13-01312

<u>District of Hawaii</u>

John Dispirito, et al. v. Prospect Mortgage, LLC, C.A. No. 1:13-00192

<u>District of Idaho</u>

Judy Bauer, et al. v. Prospect Mortgage, LLC, C.A. No. 1:13-00190

<u>Northern District of Illinois</u>

Jeremy Allaway, et al. v. Prospect Mortgage, LLC, C.A. No. 1:13-03004

<u>Southern District of Indiana</u>

Judith Albertson, et al. v. Prospect Mortgage, LLC, C.A. No. 1:13-00653

<u>Southern District of Iowa</u>

Andrew Glenn, et al. v. Prospect Mortgage, LLC, C.A. No. 4:13-00184

<u>Western District of Louisiana</u>

Damon Cutty v. Prospect Mortgage, LLC, C.A. No. 5:13-00820

<u>District of Maryland</u>

Larry Cadenhead, et al. v Prospect Mortgage, LLC, C.A. No. 1:13-01186

<u>District of Massachusetts</u>

John Alves, et al. v. Prospect Mortgage, LLC, C.A. No.1:13-10985

<u>Eastern District of Michigan</u>

Laura Noble v. Prospect Mortgage, LLC, C.A. No. 5:13-11837

-A3-

<u>District of Minnesota</u>

Thomas Gallagher, et al. v. Prospect Mortgage, LLC, C.A. No. 0:13-00941

<u>District of Nevada</u>

Carlos Arias, et al. v. Prospect Mortgage, LLC, C.A. No. 2:13-00671

<u>District of New Jersey</u>

Matthew Zimmerman, et al v. Prospect Mortgage, LLC, C.A. No. 2:13-02585

<u>District of New Mexico</u>

Catherine Avants v. Prospect Mortgage, LLC, C.A. No. 1:13-00376

<u>Eastern District of New York</u>

Lisa Baez, et al. v. Prospect Mortgage, LLC, C.A. No. 1:13-02449

<u>Northern District of New York</u>

Sadiki Pierre, et al. v. Prospect Mortgage, LLC, C.A. No. 1:13-00453

<u>Southern District of New York</u>

Justin Couillard, et al. v. Prospect Mortgage, LLC, C.A. No. 1:13-02676

<u>Western District of New York</u>

Thomas Del Gaizo, et al. v. Prospect Mortgage, LLC, C.A. No. 6:13-06200

<u>Eastern District of North Carolina</u>

Van Fleming, et al. v. Prospect Mortgage, LLC, C.A. No. 4:13-00098

<u>Middle District of North Carolina</u>

Stacey Johnson, et al. v. Prospect Mortgage, LLC, C.A. No. 1:13-00331

<u>Western District of North Carolina</u>

-A4-

Joseph Keever, et al. v. Prospect Mortgage, LLC, C.A. No. 3:13-00241

<u>Northern District of Ohio</u>

Victor Chappell v. Prospect Mortgage, LLC, C.A. No. 1:13-00911

<u>District of Oregon</u>

Gregory Barnhart, et al. v. Prospect Mortgage, LLC, C.A. No. 3:13-00669

<u>District of South Carolina</u>

Richard Kaponer v. Prospect Mortgage, LLC, C.A. No. 9:13-01121

<u>Northern District of Texas</u>

Dorianne Blunt, et al. v. Prospect Mortgage, LLC, C.A. No. 3:13-01595

<u>Western District of Texas</u>

Brian Hopple v. Prospect Mortgage, LLC, C.A. No. 3:13-00137

<u>Eastern District of Virginia</u>

Thomas Sehler, et al. v. Prospect Mortgage, LLC, C.A. No. 1:13-00473

<u>Western District of Washington</u>

Julie Cairone, et al. v. Prospect Mortgage, LLC, C.A. No. 2:13-00722