**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Otto Miiller,

     Plaintiff,

         Case No. 1:13-cv-01079 (WJM/KMT)

v.

         **STIPULATED PROTECTIVE ORDER**

Prospect Mortgage, LLC,

     Defendant.

In accordance with Federal Rule of Civil Procedure 26(c), and for good cause shown, IT IS HEREBY ORDERED:

1.  This Protective Order shall apply to all information produced by the parties to this action during the course of discovery in this litigation, including document productions, interrogatory answers, responses to requests for admissions, depositions, and discovery materials otherwise produced or provided to the parties by non-parties pursuant to judicial procedures (collectively defined as "Litigation Materials").

2.  In producing or disclosing Litigation Materials, any party may designate as "Confidential" any portion of any Litigation Materials that it believes, in good faith, constitutes or contains non-public, highly sensitive, private, confidential, trade secret information or proprietary information (collectively defined as "Confidential Materials").

3.  All Confidential Materials made available in the course of the litigation of this case shall be used solely for the purposes of preparing for and conducting the litigation of this case and for no other purpose whatsoever.  No Confidential Materials may be used or disseminated except in accordance with the terms of this Protective Order.

4.  The parties may designate Litigation Materials as "Confidential" at or before

production or disclosure by (a) stamping or otherwise writing the legend "CONFIDENTIAL" on the Litigation Materials or (b) by an alternative method acceptable to all parties.  In the event that Litigation Materials that are not designated initially as confidential are later designated as such, they shall thereafter be treated as confidential Litigation Materials in accordance with this Protective Order.

5.      Parties may designate depositions or other testimony as confidential by any one of the following means:  (a) stating orally on the record that the information is confidential and the portions for which such designation is made, on the day that testimony is given; or (b) sending written notice designating information as confidential within fifteen days after receipt of a final transcript thereof.  All information disclosed during a deposition shall be treated as if it were confidential unless and until the fifteen-day period set forth in this paragraph has expired without any written designation notice having been sent.  Failure to designate depositions or other testimony as confidential within this fifteen-day period, however, does not preclude a party from doing so later in accordance with this order.

6.      Litigation Materials designated "Confidential" and any copies thereof or information contained therein shall be maintained in confidence by the attorney of record to whom such Litigation Materials are produced or disclosed and such Litigation Materials and/or the information contained in such Litigation Materials shall be disclosed only to the following Qualified Persons:

(a)      Parties to the litigation, including employees of parties to the extent deemed reasonably necessary by counsel for the party for assistance in prosecuting or defending this case;

(b)      Counsel for the parties, including both outside counsel and in-house counsel for the parties;

(c)      Legal, paralegal, non-technical, and clerical staff employed by counsel for

the parties for the preparation of and trial of this action who have been advised of this Order;

(d)    Private court reporters or notaries public engaged by the parties in their official capacities;

(e)    Persons appearing as deponents or witnesses on behalf of the party who has produced or disclosed the confidential Litigation Materials, or on whose behalf such confidential Litigation Materials have been produced or disclosed;

(f)    Independent third-party experts or consultants retained by the parties to furnish expert services or advice or to give expert testimony who have been advised of this Order and who are not employed by any competitors of Prospect Mortgage, LLC;

(g)    Former and current employees of defendant who do not fall into the categories above;

(h)    Any third-party mediator selected by the parties or appointed by the Court; and

(i)    The Court and court personnel.

7.    Before any person is given access to Confidential Materials pursuant to ¶6(b)-(d), such person shall be specifically advised of the existence and requirements of this Protective Order.  In addition, before any person is given access to Confidential Materials pursuant to ¶6(a), (e)-(h), such person shall be provided with a copy of this Protective Order and shall sign Exhibit A attached to this Protective Order to demonstrate that person's agreement to be bound by its terms.  Counsel of record shall maintain possession of an executed copy of this Protective Order and shall provide a copy of it to each Qualified Person executing the acknowledgment and agreement appended as Exhibit A.  A copy of the acknowledgment and agreement to be bound

by the terms of this Protective Order signed by each person falling within the terms of this Protective Order shall be made available to opposing counsel upon request.  Nothing in this paragraph, however, shall require the disclosure of the identity of experts retained by the parties. Any individual who is a plaintiff in this matter may be shown Litigation Materials marked "Confidential," pursuant to this paragraph, but they may not retain copies of any Litigation Materials marked "Confidential," except for periods of short duration necessary to prepare for hearings, depositions, or trial in this matter.

8.      If Litigation Material designated confidential or quotations from or references to such materials are to be included in papers filed with or otherwise disclosed to the Court, such papers shall be labeled "Confidential."

9.      If any party objects to the designation of any Litigation Materials as "Confidential" that party shall so state its objection in a letter to counsel for the party making the designation.  The challenging party must explain the basis for its belief that the confidentiality designation was improper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and if no change in designation is offered, to explain the basis for the chosen designation.  The parties shall attempt to resolve each challenge in good faith and must confer by telephone within 14 days of the date of service of the challenging party's objections.  If the dispute cannot be resolved by agreement, the party claiming the designation of any Litigation Material as "Confidential" shall have the right, on reasonable notice but in any event not less than five (5) days prior to the use of the documents or submission of the documents to the Court, to apply by motion to the Court to have materials designated as confidential.  The burden of proving that the material should be treated as Confidential is on the party asserting the designation.  Until the Court rules on the motion, Confidential Material shall continue to be treated as so designated and any papers filed with the Court may not include such Confidential Material (except as provided for in Paragraph 10), but

may refer to them by proper identification, such as Bates Stamp number or date and author.  If the party designating the Litigation Materials as Confidential does not file a motion within 21 days of receiving the objection to the designation, then the material will lose its designation as Confidential.  Any party making a frivolous designation or making a frivolous objection may be subject to sanctions under Rule 37 of the Federal Rules of Civil Procedure.

10.     If counsel for any party to the action determines to file with, or submit to, the Court (other than at trial) (a) any Confidential Materials or (b) any pleading or other Document making any reference to the specific content of Confidential Materials the filing party will file a motion for an order permitting filing under seal with the Court in accordance with current District Court procedures and requirements for seeking such filings.  However, if the party filing the Confidential Materials was the only party who designated the information and/or documents as Confidential, the filing party may elect at its sole discretion to not file the materials or pleading under seal, but may instead file its own Confidential Materials in accordance with regular court practices.  Except by mutual agreement or in the case of an emergency motion, any motion seeking permission from the Court to file under seal must be filed at least five (5) business days before the due date, and, if the Court does not issue a ruling on such motion within two (2) business days preceding the due date, the parties agree that the filing party may file an uncontested motion for an extension of the due date pending the Court's ruling.

If the Court permits the Confidential Materials to be filed under seal, the filing may be made electronically or by hand in accordance with the Court's rules and practices.  In the event the Confidential Materials are not electronically filed under seal, the sealed envelope in which such Confidential Materials are filed shall be prominently marked "CONFIDENTIAL INFORMATION."  The envelope shall also be prominently marked with the case caption and shall state "This envelope, which is being filed under seal, pursuant to the Court's order of [date], contains documents which include Confidential Material."  The envelope in addition to

enclosing a hard copy of the Confidential Materials shall have a disk or CD-ROM containing the Confidential Materials in PDF format.  One copy of any Confidential Materials filed with the Court shall be furnished to the other Party.

11.    Nothing in this Protective Order shall prevent any party from disclosing its own confidential Litigation Materials as it deems appropriate and any such disclosure shall not be deemed a waiver of any kind whatsoever or a waiver of any other party's obligation under the Protective Order.

12.    If a party to this Protective Order in possession of Litigation Materials receives a Rule 34 demand, civil investigative demand, request from a state of federal agency, or a subpoena from a non-party seeking the production or other disclosure of Litigation Materials, whether or not such materials have been designated as confidential, that party shall immediately give written notice to counsel of record for the party who provided the Litigation Materials being sought, which such notice shall include a copy of the subpoena.  Where possible, at least ten days' notice before production or other disclosure should be given.  In no event shall production or disclosure be made before telephone notice is given and, whenever possible, sufficiently in advance of production or disclosure to afford the party to whom such notice has been given, at least ten business days, to take appropriate action, including seeking judicial relief.

13.    By this Protective Order, the parties do not waive any rights to object to any discovery request, seek any further protective order, or seek relief from the Court from any provision of this Protective Order by application on notice on any grounds.

14.    This Protective Order shall not control the use of any evidence during the trial or any hearing of this case.  However, nothing herein shall preclude either party from seeking the assistance of the Court in maintaining the confidential nature of any evidence that is presented at hearing or trial.

15.    The fact that discovery material is designated confidential or that such material is

disclosed in this litigation shall not be construed in any other context or proceeding before any court, agency or tribunal as a waiver or admission that such information is or is not confidential or proprietary.

16.     This Protective Order shall not apply to any materials that are publicly available.

17.     The inadvertent production or disclosure of any Litigation Material in discovery or otherwise shall not effect a waiver of any privilege at law or in equity or any rights or obligations arising from or related to this Protective Order, provided the party making such production or disclosure acts promptly to notify the relevant parties or persons of the inadvertent production or disclosure and to remedy the inadvertent production or disclosure upon the discovery thereof.

18.     The parties may modify the provisions of this Protective Order at any time by stipulation approved by order of the Court, or, if no stipulation can be obtained, by motion.

19.     Upon final resolution of this matter, all Confidential Materials and Highly Confidential Materials will be returned to the producing party, or destroyed and certified as destroyed, at the option of the producing party, within forty-five days.  Notwithstanding anything contained herein to the contrary, counsel for the Parties may retain copies of all transcripts and work product, including, but not limited to pleadings, briefs, correspondence and memoranda that are claimed to contain Confidential Information.  Such materials shall remain subject to this Protective Order, which shall survive the termination date.

20.     This Protective Order shall be binding upon the parties upon their signature hereto and by signing hereto each party agrees to comply with the terms of this Protective Order and to be bound thereby, even prior to the Court's entry of the proposed Protective Order based upon this stipulation, and even if the Court does not enter the proposed Protective Order based upon this stipulation.  In the event that the Court does not enter the proposed Protective Order based

upon this stipulation, the parties shall in good faith negotiate any terms that the Court finds objectionable.

21.      This Court shall have continuing jurisdiction over this Order and its enforcement.


DATE: February 11, 2014

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge


AGREED TO:


Dated:   February 11, 2014            /s/ Timothy C. Selander
                                      Paul J. Lukas, MN Bar No. 22084X
                                      Timothy C. Selander, MN Bar No. 0387016
                                      G. Tony Atwal, MN Bar No. 0331636
                                      **NICHOLS KASTER, PLLP**
                                      4600 IDS Center, 80 South 8th Street
                                      Minneapolis, MN  55402
                                      Telephone: (612) 256-3200
                                      Facsimile:  (612) 215-6870
                                      Email:  lukas@nka.com
                                              selander@nka.com
                                              tatwal@nka.com

                                      **Attorneys For Plaintiff**




Dated:    February 11, 2014           /s/Jeremy W. Stewart
                                      Jeremy W. Stewart
                                      Noah A. Finkel
                                      **SEYFARTH SHAW, LLP**
                                      131 S. Dearborn St., Suite 2400
                                      Chicago, IL 60603

Phone: (312) 460-5662
Fax: (312) 460-7662
Email: jwstewart@seyfarth.com
          nfinkel@seyfarth.com


Brandon McKelvey
**SEYFARTH SHAW, LLP**
400 Capitol Mall, Suite 2350
Sacramento, CA 95814
Phone: (916) 448-0159
Fax: (916) 558-4839
Email: bmckelvey@seyfarth.com

**Attorneys For Defendant**

**EXHIBIT A**

**ACKNOWLEDGMENT**

1.      I, the undersigned, hereby acknowledge that I have read the Order entered into in the United States District Court, District of Colorado, in the action titled *Miiller v. Prospect Mortgage, LLC*, Court File No. 1:13-cv-01079, governing confidential information disclosed in this action.

2.      I understand the terms of the Order and agree to be bound by such terms.

3.      I understand and agree that any documents, material, or information designated or marked Confidential shall only be used for purposes of this litigation.

4.      I consent to personal jurisdiction within the State of Colorado with respect to any proceeding commenced to enforce the Order, including proceedings relative to contempt of Court.

Executed this _____ day of _____, 2014, at _____ [city], _____[state].

Signature: _____

Print Name: _____

Address: _____

_____

Employer: _____