IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–01079–WJM–KMT

OTTO MIILLER,

      Plaintiff,

v.

PROSPECT MORTGAGE, LLC,

Defendant.

---

## ORDER

---

This matter is before the court on "Plaintiff's Motion to Strike Defendant's Jury Trial Demand" ("Mot.") [Doc. No. 17], filed August 13, 2013.   The Declaration of Timothy C. Selander submitting a copy of the "Jury Waiver Agreement" signed by Otto W. Miiller on July 31, 2008 was filed the same day.   [Doc. No. 19-1.]   "Defendant Prospect Mortgage, LLC's Opposition to Plaintiff's Motion to Strike Defendant's Jury Trial Demand"("Resp.") [Doc. No. 20] was filed on September 6, 2013. "Plaintiff's Reply Memorandum in Support of Plaintiff's Motion to Strike Defendant's Jury Trial Demand" ("Reply") was filed on September 17, 2013.   [Doc. No. 25.]

A Motion to Stay filed by the Defendant pending resolution of a Motion to Transfer this case to the Judicial Panel on Multidistrict Litigation [Doc. No. 28] delayed consideration of this motion until December 13, 2013, when the Order Denying Transfer in MDL No. 2486 ("MDL

Order") was filed [Doc. No. 38] and the instant motion was referred to this Magistrate Judge for resolution on December 30, 2013.   [Doc. No. 40.]   The motion is ripe for review and ruling.

There court notes at the outset that cases similar to this one apparently exist in thirty-seven District Courts around the country.   (MDL Order at 1.)   Many of the issues, including the one that is the subject of this Order, repeat and pervade throughout the many cases.   Therefore, the court has taken guidance from recent decisions in the similar cases, as noted *infra*.   To that end, on December 31, 2013, the parties submitted Supplemental Authority from other cases involving this Defendant that have addressed the same waiver of jury trial issue presented here.   [Doc. No. 41.]

### *ANALYSIS*

Plaintiff moves to strike Defendant's Jury Demand contained in its Answer [Doc. No. 14] on the basis that the parties contracted to have any employment disputes between them resolved by a judge, rather than a jury.   Defendant argues that Plaintiff's Motion should be denied because Plaintiff waived his right to enforce the Jury Waiver Agreement by being part of a related class-action case where the named party representatives requested a jury trial.   Defendant also argues that the Jury Waiver Agreement was unilateral and is not binding on the Defendant, which was not a signatory to the document.

"The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate."   Fed. R. Civ. P. 38(a). This court looks to federal law to analyze jury trial rights.   *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988) (citing *Simler v. Conner*, 372 U.S. 221, 221–22 (1963) (*per curiam*)).   Parties may, however, contract to waive their right to a jury trial, and agreements

[2]

waiving the right to trial by jury are neither illegal nor contrary to public policy.   *Id*.; *McCarthy v. Wynne*, 126 F.2d 620, 623 (10th Cir. 1942).   Jury waiver provisions are enforceable if they are knowing and voluntary.   *Hulsey v. West*, 966 F.2d 579, 581 (10th Cir. 1992).

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."   *Id*.   While generally disfavored, the decision to strike a pleading rests within the sound discretion of the court. *Hayne v. Green Ford Sales, Inc*., 263 F.R.D. 647, 650 (D. Kan. 2009).

As a preliminary matter, in examining the Jury Trial Waiver [Doc. No. 19-1], the court notes that the Agreement references Metrocities Mortgage, LLC, a Prospect Mortgage Company, its affiliates, subsidiaries, divisions, successors, assigns and purchasers as the party to whom Plaintiff Miiller provided his waiver of right to a jury trial in the event of litigation between the two arising out of Miiller's employment.   *Id*.   In the Defendant's Answer to the Amended Complaint [Doc. No. 14], Prospect Mortgage, LLC, admits the "Plaintiff Otto Miiller was employed by Defendant [named in the caption as "Prospect Mortgage LLC"] as an outside sales loan office [sic] from . . ." (*id*. ¶ 3) and "[d]efendant admits that it formerly did business under the name Metrocities Mortgage" (*id*. ¶ 4).   Therefore, the court concludes that Defendant's arguments that "there is no admissible evidence before this Court that Prospect created the agreement, that Prospect signed the agreement, or that Prospect assumed any contractual obligations of Metrocities (which is named in the jury waiver agreement)" (Resp. at 8.) is both frivolous and groundless.

The Defendant also makes the equally spurious argument that the Plaintiff has not shown the Jury Waiver Agreement is authentic and therefore admissible evidence.   Authenticity may be

[3]

established by "[t]estimony of a witness with knowledge . . . that a matter is what it is claimed to be." *Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1332 (10th Cir. 1984) (citing Fed. R. Evid. 901(b)(1)).   The Jury Waiver Agreement itself bears the numbering ("PROS022664") in the lower right hand corner, which supports Plaintiff's allegation that Prospect Mortgage actually produced the document in discovery from the personnel file of Otto Miiller in one of the first cases filed in this litigation menagerie, *Sliger v. Prospect Mortg., LLC,* C.A. No. 2:11-00465 (E.D. Cal.). (*See* [Doc. No. 19-1]; Reply at 3.)   Additionally, for whatever value it may have, Timothy C. Selander declared under oath that the document before the court is a true and correct copy of the agreement entered into by his client, Otto Miiller.   [Doc. No. 19.]   Finally, the plaintiff himself is assumed able to recognize his own handwriting and to know whether or not he signed such an agreement.   The court therefore accepts the Jury Waiver Agreement as authentic given that it is signed by the plaintiff, who claims it was provided to him as part of the discovery in the *Slinger* case, and therefore both parties have, at some point, vouched for the document.   *Commercial Data Servers. Inc. v. Int'l Bus. Mach. Corp.,* 262 F. Supp. 2d 50, 58 (S.D.N.Y.2003) ("It is disingenuous and wasteful for [a party] to object that its own documents are not authenticated" ; *Barker v. Prospect Mortgage, LLC,* No. CV–13–00822–PHX–SRB, 2013 WL 5314710, at *1 n. 1 (D. Ariz. Sept. 23, 2013) (same argument made by the defendant and rejected because the defendant had produced agreements in discovery); *Allaway v. Prospect Mortgage, LLC,* Case No. 1:13-cv-03004, 2013 WL 6231382, *2 (N.D. Ill. Nov. 26, 2013) (same).

There have been numerous cases involving Defendant's alleged violations of the Fair Labor Standards Act that have outlined the history of the *Sliger* litigation, the production in

[4]

discovery of personnel files of the opt-in plaintiffs, and the ultimate agreement to decertify the collective in favor of filing separate collective actions as noted.   The court will not repeat these facts again here.   Suffice to say that the class representatives in *Slinger* initially filed their case with a jury demand that the Defendant, Prospect Mortgage, LLC, did not oppose.   Plaintiff Otto Miiller joined the case at a much later stage as an opt-in plaintiff after receiving the court-ordered notice.   Defendant argues that Plaintiff impliedly waived his right to enforce the Jury Waiver Agreement by becoming an opt-in plaintiff in the *Sliger* litigation.   "Waiver is the voluntary relinquishment or surrender of some known right."   *Yates v. Am. Republics Corp.*, 163 F.2d 178, 179–80 (10th Cir. 1947).   "Waiver is of two kinds, express and implied.   And to constitute implied waiver, there must be unequivocal and decisive acts or conduct of the party clearly evincing an intent to waive."   *Id.*, 163 F.2d at 180.

This court finds persuasive the reasoning of Judge Johnson in *Avants v. Prospect Mortgage, LLC*, Case No., 13cv0376 WJ/KBM, 2013 WL 6641349 (D.N.M. Dec. 17, 2013), finding that "Plaintiff's involvement in the *Sliger* litigation did not 'unequivocal[ly] evince[] an intent to waive' the Jury Waiver Agreement."   *Id.*, at *2.   Under the facts presented, this court finds: 1) Plaintiff Miiller had no part in drafting the *Sliger* Complaint and, thus, played no role in the decision to request a jury; 2) by "opting in" Plaintiff was not guaranteed a right to participate in the *Sliger* litigation because his participation was subject to a judicial determination of whether he was "similarly situated"; and 3) Plaintiff was ultimately unable to participate in the *Sliger* litigation and thereafter filed this instant lawsuit.   These facts show that Plaintiff did not voluntarily act in a way that clearly demonstrated his intent to repudiate the Jury Waiver

[5]

Agreement.   Also telling is the fact that when Plaintiff filed his own case in which he was in control, he did not request a jury which is consistent with the Jury Waiver Agreement.   *See Avants*, 2013 WL 6641349, at *2 (holding no waiver of Jury Waiver Agreement by opting into the *Sliger* litigation; *Allaway*, 2013 WL 6231382, at *1 (holding that there was no implied waiver and stating "[s]tanding alone, the Plaintiffs' opt-ins are not sufficient" when plaintiffs in that case were not class representatives or otherwise actively involved in the *Sliger* collective action.); *Barker*, 2013 WL 5314710 at *2 (granting Plaintiffs' Motion to Strike Jury Demand where Prospect raised a similar argument of implied waiver by participating in the *Sliger* litigation); *Aguilera v. Prospect Mortgage, LLC,* No. CV 2:13–05070 DMG (CWx), 2013 WL 4779179, at *4 (C.D. Cal. Sept. 5, 2013) (plaintiffs "cannot be held responsible for the actions of the *Sliger* Plaintiffs before they were parties to the litigation"); *Del Gaizo*, at *1 (same).   Accordingly, the court finds that Plaintiff did not act inconsistently with the terms of the Jury Waiver Agreement.   Therefore, he has not waived his right to enforce the Jury Waiver Agreement.

Defendant alternatively argues that the Jury Waiver Agreement does not bar it from demanding a jury trial because the agreement was unilateral and only Plaintiff is bound by its terms.   This argument lacks merit because the clear intent of both parties to the Jury Waiver Agreement was that a judge, not a jury, would decide any employment dispute between the parties. In light of the language used by the Defendant in drafting the Jury Waiver Agreement, it is utterly specious to argue that Prospect Mortgage, LLC, was not bound to it along with Mr. Miiller.

> Although **the Company** believes that **our** internal complaint resolution procedure should be sufficient to resolve any workplace **problems that you may have**, we recognize that sometimes, notwithstanding everyone's best efforts, a matter cannot be resolved internally. In those rare instances, **we believe** that our nation's judges

[6]

(such as our federal judges who are appointed by Congress for life and thus are free from any outside bias or influence) are in the best position to resolve our workplace disputes. Accordingly, **we have created this policy** which, in effect, says that **if you file a lawsuit**, a judge will decide **if we acted** correctly or incorrectly. This policy does not take away any of your rights to sue or seek any type of remedy the law allows, **it simply provides for a federal or state judge to decide <u>OUR</u> differences**. By signing this agreement, you consent to waive your right to a jury trial with respect to **any lawsuit you may commence against Metrocities Mortgage, LLC, a Prospect Mortgage Company**, its affiliates, subsidiaries, divisions, successors, assigns, and purchasers, and the current, former, and future employees, shareholders, officers, directors and agents thereof ("the Company"), **relating in any manner to your application for, employment with**, or cessation of your employment, any term and condition of your employment with the Company or any other claim or dispute. Absent your signing this Jury Waiver Agreement **you would not be hired or remain employed by the Company.**

Jury Waiver Agreement [Doc. No. 19-1] (emphasis added).   This lawsuit was filed by Otto Miiller regarding his employment with Defendant and therefore is clearly within the terms of the two parties' agreement.   *See Allaway*, 2013 WL 6231382, at *2 ("Even if unilateral, the contract Prospect entered with each Plaintiff plainly states that if the Plaintiff files a lawsuit, then a judge and not a jury will hear that lawsuit. [ ] Prospect cannot unilaterally modify those agreements by demanding a jury trial now."); *Barker*, 2013 WL 5314710, at *2 ("The Court rejects Defendant's argument that it is not bound by the contract because the language of the Jury Waiver Agreement clearly evidences the intention that all disputes between these parties would be resolved by a judge and not simply that the person signing the agreement would waive the right to a jury trial.")

Having determined the Jury Waiver Agreement itself is admissible and applies to Defendant, the court reaches the question of whether the waiver was knowing and voluntary. Here, Defendant drafted the Jury Waiver Agreement and imposed it on Otto Miiller.   It was clearly a condition of his being, and remaining, employed by Prospect Mortgage.   "Defendant

[7]

'held all the cards' regarding whether disputes would be presented to a jury or a judge, because it was the one who conditioned employment on agreeing to a bench trial to settle any employment disputes."  *Avants*, 2013 WL 6641349, at *4.

This court finds the waiver of the right to a jury trial was demonstrably voluntary on the part of both Plaintiff Miiller and the Defendant.   Both parties were advised by the language of the agreement that a right to a jury trial with respect to employments disputes existed and could be exercised unless it was waived.   The contract language, coupled with Defendant's relative position of power and sophistication at the time of the signing, demonstrates that Defendant's waiver of its right to a jury trial was knowing and voluntary.  *See Barker*, 2013 WL 5314710, at *2 ("The Court finds that the parties knowingly and voluntarily waived their rights to a jury trial in this case."); *Allaway*, 2013 WL 6231382, at *2 ("Pursuant to the jury waiver agreements, this Court will decide the parties' differences."); *Avants*, 2013 WL 6641349, at *4 (Jury Waiver Agreement knowing and voluntary waiver by Defendant disallowing a request for a trial by jury.)

Therefore, it is **ORDERED**

"Plaintiff's Motion to Strike Defendant's Jury Trial Demand" [Doc. No. 17] is **GRANTED.**   Trial, if any, in this matter will be to the District Court and not to a jury.

Dated this 21st day of February, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

[8]